# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1785 | **DATE** | 8/28/2003 |
| **CASE TITLE** | LASALLE BANK NATIONAL vs. THOMAS O. MUDD, III | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Mudd's motion to dismiss is granted. LaSalle's complaint is dismissed without prejudice. LaSalle is given leave to file an amended complaint, if any, within thirty days of this order if it can do so consistent with its obligations under Fed.R.Civ. Proc.11.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 29 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 AUG 28 PM 6:29 FILED FOR DOCKETING Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, as Trustee for the registered holders of Commercial Mortgage Asset Trust, Commercial Mortgage Pass-Through Certificates, Series 1999-CI, ) ) ) ) ) ) Plaintiff, ) v. ) ) THOMAS O. MUDD, III, ) ) Defendant. ) | No. 03 C 1785<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, LaSalle Bank National Association, as Trustee for the registered holders of Commercial Mortgage Asset Trust, Commercial Mortgage Pass-Through Certificates, Series 1999-CI ("LaSalle"), filed suit against Defendant, Thomas O. Mudd, III ("Mudd"), alleging Mudd defaulted on a fraud guaranty. Presently before the Court is Mudd's Motion to Dismiss.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

In August 1998, Container Corporation ("Container") executed and delivered to the Capital Company of America, LLC ("CCA") a mortgage note ("the Note")in the original principal amount of $3,250,000 for a loan in that amount. As security for the Note and the loan, Container executed and delivered to CCA a Mortgage, Assignment of Leases and Rents and Security Agreement ("Mortgage") of the premises located at and commonly known as 1524 Walnut Street, Streator, Illinois ("the Premises"). At the same time, Mudd executed and delivered to CCA a fraud guaranty ("the Guaranty") in which Mudd guaranteed and agreed that he would be liable to CCA for fraud by himself or Container in connection with the loan.

In the Mortgage, Container assigned to CCA as mortgagee all of Container's rights in and to the leases of and rents from the Premises and agreed to hold the rents in an amount sufficient to discharge all current sums due to the mortgagee "in trust for the benefit of Mortgagee". Mudd executed the Mortgage on Container's behalf; accordingly, he had knowledge of its terms and provisions.

In early December 1998, CCA assigned the Mortgage and the Note to LaSalle, pursuant to an Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement.

Container defaulted on the Note and the Mortgage by failing to make the monthly payment due under the Note on Novmeber 1, 2001. As a result of the default, the Note became immediately due and payable. Since that time, Container has not made any payments on the Note.

Mudd knew that, by reason of Container's default under the Note and Mortgage, LaSalle was entitled to foreclose the Mortgage and obtain the appointment of a receiver and that, upon the

appointment of a receiver, the rents from the Premises would be paid to the receiver. In order to deprive the receiver and, concomitantly, LaSalle, of the rents to which it would be entitled upon the commencement of a foreclosure and appointment of a receiver, in November 2001, without LaSalle's knowledge or consent and contrary to the express terms of the Mortgage, Mudd induced two tenants of the Premises to pay their rents to Container in advance. The rent paid in advanced totaled $1,280,116.55.

Container has failed to make any payments on the Note and the Mortgage since its receipt of the above rents. Instead, Container or Mudd used the prepaid rents to purchase speculative stock investments and for payment of other obligations contrary to the requirement of the Mortgage to hold the rents "in trust for the benefit of Mortgagee".

LaSalle commenced an action to foreclose the Mortgage and obtained the appointment of a receiver. Container has failed and refused to turn over to the receiver any of the rents which it collected in advance.

Mudd contends that LaSalle's Complaint should be dismissed because LaSalle failed to comply with the notice and cure provision of the Guaranty. The Guaranty provides, in pertinent part:

> Remedies: If Guarantor fails to perform its obligations under this Agreement, Lender may, after giving Guarantor written notice of such default (given in the manner prescribed in the Mortgage) and ten (10) days to cure same, from time to time, and without first requiring performance by Borrower or exhausting any and all security for the Loan, bring any action at law or in equity or both to compel Guarantor to perform its obligations hereunder....

LaSalle did not plead that it gave Mudd the required notice and time to cure. LaSalle concedes that it failed to give Mudd notice or the ten days to cure as required in the Guaranty in its response to the instant motion. Therefore, Mudd's Motion to Dismiss is granted. LaSalle's

3

Complaint is dismissed without prejudice. LaSalle is given leave to file an Amended Complaint, if any, within thirty days of this order if it can do so consistent with its obligations under Fed. R. Civ. Proc. 11.

Dated: August 28, 2003

JOHN W. DARRAH
United States District Judge