Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1785 | **DATE** | 2/24/2004 |
| **CASE TITLE** | LaSalle Bank Natl Assn vs. Mudd | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss is denied. Enter Memorandum Opinion and Order. Status hearing held and continued to 4/27/04 at 9:00 a.m. Defendant to answer by 4/9/04. Rule 26(a)(1) disclosures to be exchanged by 3/23/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 24 2004 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, as Trustee for the registered holders of Commercial Mortgage Asset Trust, Commercial Mortgage Pass-Through Certificates, Series 1999-CI, <br><br> Plaintiff, <br> v. <br><br> THOMAS O. MUDD, III, <br><br> Defendant. | No. 03 C 1785 <br><br> Judge John W. Darrah |

DOCKETED
FEB 2 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, LaSalle Bank National Association, as Trustee for the registered holders of Commercial Mortgage Asset Trust, Commercial Mortgage Pass-Through Certificates, Series 1999-CI ("LaSalle"), filed suit against Defendant, Thomas O. Mudd, III ("Mudd"), alleging Mudd defaulted on a fraud guaranty. Presently before the Court is Mudd's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

DOCKETED
FEB 2 4 2004

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). Furthermore, on a motion to dismiss, the Court may consider exhibits attached to the complaint as part of the pleadings. *Beam v. IPCO Corp.*, 838 F.2d 242 (7th Cir. 1988).

## BACKGROUND

A reading of the Amended Complaint supports the following summary of the alleged operative conduct of the parties.

In August 1998, Container Corporation executed and delivered to the Capital Company of America, LLC ("CCA") a mortgage note in the original principal amount of $3,250,000 for a loan in that amount. As security for the Note and the loan, Container executed and delivered to CCA a Mortgage, Assignment of Leases and Rents and Security Agreement of the premises located at and commonly known as 1524 Walnut Street, Streator, Illinois (the "Premises"). At the same time, Mudd executed and delivered to CCA a fraud guaranty in which Mudd guaranteed and agreed that he would be liable to CCA for fraud by himself or Container in connection with the loan.

In the Mortgage, Container assigned to CCA as mortgagee all of Container's rights in and to the leases of and rents from the Premises and agreed to hold the rents in an amount sufficient to discharge all current sums due to the mortgagee "in trust for the benefit of Mortgagee." Mudd executed the Mortgage on Container's behalf; accordingly, he had knowledge of its terms and provisions.

In early December 1998, CCA assigned the Mortgage and the Note to LaSalle, pursuant to an Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement.

2

Container defaulted on the Note and the Mortgage by failing to make the monthly payment due under the Note on November 1, 2001. As a result of the default, the Note became immediately due and payable. Since that time, Container has not made any payments on the Note.

Mudd knew that, by reason of Container's default under the Note and Mortgage, LaSalle was entitled to foreclose the Mortgage and obtain the appointment of a receiver and that, upon the appointment of a receiver, the rents from the Premises would be paid to the receiver. In order to deprive the receiver and, concomitantly, LaSalle of the rents to which it would be entitled upon the commencement of a foreclosure and appointment of a receiver, in November 2001, without LaSalle's knowledge or consent and contrary to the express terms of the Mortgage, Mudd induced two tenants of the Premises to pay their rents to Container in advance. The rent paid in advance totaled $1,280,116.55.

Container has failed to make any payments on the Note and the Mortgage since its receipt of the above rents. Instead, Container or Mudd used the prepaid rents to purchase speculative stock investments and for payment of other obligations contrary to the requirement of the Mortgage to hold the rents "in trust for the benefit of Mortgagee."

LaSalle commenced an action to foreclose the Mortgage and obtained the appointment of a receiver. Container has failed and refused to turn over to the receiver any of the rents which it collected in advance.

## ANALYSIS

Mudd contends that LaSalle's Amended Complaint should be dismissed for three reasons: 1) LaSalle does not have the right to enforce the guaranty because it was specifically assigned to CCA and not LaSalle; 2) The notice of default which LaSalle gave to him was not "timely" given

3

and, furthermore, was defective because the guaranty did not provide an address to where the notice could be sent; and 3) the Amended Complaint does not state a claim because it does not state a claim for actual fraud.

The guaranty, attached and incorporated into the Amended Complaint, states, "The provisions of this Agreement will bind and benefit the heirs, executors, administrators, legal representatives, nominees, successors **and assigns** of Guarantor and Lender. '**Lender**' as used herein shall mean **each holder of the Note and its** successors and **assigns**." (Emphasis added). In early December of 1998, CCA assigned the Mortgage and the Note to LaSalle, pursuant to an Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement. The language of the guaranty clearly demonstrates that LaSalle, as lender and assign, is a beneficiary of the guaranty. Therefore, LaSalle is entitled to enforce the guaranty.

Previously, Mudd successfully moved to dismiss LaSalle's original complaint because LaSalle failed to give Mudd written notice of default and an opportunity to cure as provided in the guaranty. Such notice and opportunity was subsequently given to Mudd. When Mudd did not cure, LaSalle filed the Amended Complaint. At this time, Mudd asserts that such notice was not timely and, further, that the notice was defective because the guaranty itself does not state an address to which notice should be given.

Under the guaranty, written notice of default and an opportunity to cure is to be given to the guarantor within ten (10) days of bringing an action at law to compel the guarantor to perform its obligations under the guaranty. Paragraph 1 of the guaranty states, "Guarantor hereby guarantees and agrees that **it shall be liable to Lender for fraud or intentional misrepresentation by Guarantor ... in connection with the Loan**, including without limitation, ... the performance of

4

Borrower's obligations under the Loan Documents (as defined in the Note)." (Emphasis added). LaSalle brought an action to enforce Mudd's obligation not to commit fraud or intentionally misrepresent in connection with the loan. LaSalle did not give Mudd notice so that Mudd could cure the default on the Mortgage. LaSalle gave Mudd notice so that Mudd could cure the default on the guaranty. After LaSalle provided Mudd with notice, Mudd did not pay LaSalle the amount of prepaid rents which he collected and, therefore, did not cure the default under the guaranty. Even if Mudd had cured the default under the guaranty, this would not have effectuated a cure of the defaults under the Mortgage. Accordingly, notice of default on the guaranty was timely pursuant to paragraph 2 of the guaranty.

Second, under paragraph 2 of the guaranty, written notice of default shall be "given in the manner prescribed in the Mortgage." Paragraph 34 of the mortgage states that, "Any notice, demand, request or consent hereunder shall be in writing, **addressed to the address, as set forth above**, of the party to whom such notice is to be given . . ." (Emphasis added). LaSalle sent notice of default on the guaranty to Mudd pursuant to the Mortgage and the address provided thereunder. The guaranty would serve no tangible purpose if it could be rendered unenforceable simply by omitting the guarantor's address. Nonsensical interpretations of contracts are disfavored, not because of a judicial aversion to nonsense as such, but because people are unlikely to make contracts that they believe will have absurd consequences. *FutureSource v. Reuters Ltd.*, 312 F.3d 281, 284-85 (7th Cir. 2002). Furthermore, "[A] construction of a contract which renders the agreement enforceable rather than void is preferred." *Liccardi v. Stolt Terminals, Inc.*, 178 Ill.2d 540, 549 (1997). The guaranty was not rendered defective because no address appeared on the guaranty. The provisions of the guaranty and Mortgage (noted above) provided an adequate method of ascertaining

the appropriate address to give notice of default to Mudd. La Salle has properly pled such notice was appropriately effectuated by LaSalle to the address provided in the Mortgage.

As to Mudd's third argument, Paragraph 1 of the guaranty states, "Guarantor hereby guarantees and agrees that it shall be liable to Lender for **fraud or intentional misrepresentation** by Guarantor . . ." (Emphasis added). The guaranty does not limit liability to a specific type of fraud; therefore, liability for fraud under the guaranty may be actual or constructive. *See LaSalle Nat'l. Trust v. Bd. of Dirs. of the 1100 Lake Shore Drive Condominium*, 287 Ill.App.3d 449, 455 (1997). Constructive fraud is a well established doctrine in Illinois. Furthermore, where there is a breach of legal duty arising out of a fiduciary relationship, a presumption of constructive fraud arises. Constructive fraud does not require actual dishonesty or intent to deceive; breach of fiduciary duty is enough. *LaSalle Nat'l. Trust*, 287 Ill.App.3d at 455, 457.

An express trust is a trust which is created in express terms in a written instrument. *Price v. State*, 79 Ill.App.3d 143, 147 (1979). Mudd had a fiduciary duty, arising out of the express trust created by the Mortgage to hold rents for the benefit of LaSalle. The alleged breach of that duty presumes a claim for constructive fraud. *LaSalle Nat'l. Trust*, 287 Ill.App.3d at 455. To state a cause of action for constructive fraud, the facts comprising the alleged fraud must be stated in the complaint. *LaSalle Nat'l. Trust*, 287 Ill.App.3d at 456. As set forth in the factual summary above, LaSalle has stated such facts in its Amended Complaint and, therefore, has sufficiently pled a claim of constructive fraud against Mudd.

## CONCLUSION

For the foregoing reasons, Mudd's Motion to Dismiss is denied.

Dated: February 24, 2004

JOHN W. DARRAH
United States District Judge